071602js

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| J-L CHIEFTAIN, INC. § <br> and JACKSON-LLOYD § <br> INSURANCE AGENCY § <br> § CIVIL ACTION NO. 6:02cv1343 <br> § <br> § <br> § <br> WESTERN SKYWAYS, INC § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Now come, J-L CHIEFTAIN, INC. and JACKSON-LLOYD INSURANCE AGENCY, herein after called "Plaintiffs", and files this their Original Complaint against Western Skyways, Inc., hereinafter called Defendant, and would show the Court as follows:

I.

### JURISDICTION

1. This Court has jurisdiction in this case because Plaintiffs are citizens of the State of Texas and Defendant is a citizen of the State of Colorado, therefore, there is complete diversity of citizenship. This Court has jurisdiction over this matter in accordance with 28 U.S.C. §1332(a) as the matter in controversy exceeds $75,000.00, exclusive of costs and interest. Plaintiffs further allege that Defendant maintains a web site on the Internet that is operative in the State of Texas. It is an interactive web site whereby prospective customers of Defendant can place orders over the Internet or by email and receive communications from Defendant. Such an interactive web site constitutes the Defendant doing business in the State of Texas and in the Eastern District of Texas. All of the work contracted to be done by Defendant in this case was the result of

telephone calls between Longview, Texas and Montrose, Colorado. The payments for the services performed were made by checks drawn on the Plaintiffs' accounts at a bank in Longview, Texas.

2. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §1391(a)(2) because of the same facts regarding the defendant corporation which furnish the basis for the Court's jurisdiction.

## FACTUAL BASIS FOR SUIT

3. Plaintiffs allege that Defendant Corporation represents to the general public that it is an expert in the repair, maintenance and restoration of airplane engines. Plaintiffs own a 1979 Piper Navajo Chieftain airplane. Based on Defendant's representation of its expertise in the field of aviation mechanics, engines were delivered to Defendant's facility in Montrose, Colorado for the engines to be remanufactured with factory new cylinders. If the engines had been properly remanufactured, Plaintiffs could have expected to use the engines for eighteen hundred (1800) hours of operating time. After only using the engines for approximately five hundred twenty-five (525) hours, Plaintiffs were made aware of the fact that the engine oil contained steel particles which indicated there was a very serious problem with the engines. Plaintiff contacted Defendant's representatives and received a response which was unsatisfactory and very disturbing. Plaintiffs then had the engines examined by the original manufacturer of the engines, Lycoming. This was done at the Lycoming service center in Montoursville, Pennsylvania. Plaintiff received a report from Lycoming indicating that the engines, after being recently remanufactured by Defendants, were in such bad condition that it has become necessary for the Plaintiffs to remanufacture the engines again. In fact, Lycoming could not, by FAA regulations, reassemble the aircraft engines as such and return them to Plaintiff due to the extreme unsafe condition of

various critical engine components. Plaintiffs were totally unaware of the unsafe engine conditions as they relied upon Defendant's warranties and guarantees. Defendant charged Plaintiffs in excess of $87,500.00 for its work. The cost of remanufacturing the engines will be approximately $150,000.00. Plaintiffs have been without the use of their airplane for a period of four and a half (4 ½) months. Their airplane was very essential in the operation of Plaintiffs' business.

## FIRST CAUSE ACTION

4. Defendant expressly and impliedly warranted that its services would be done in a good and workmanlike manner. Defendant's services were not performed in a good and workmanlike manner, therefore, Defendant has breached its warranty.

## SECOND CAUSE OF ACTION

5. Defendant's actions have violated the terms and provisions of the Deceptive Trade Practices Act of the State of Texas. Defendant represented its goods and services to be performed in accordance with the highest standards in the aviation industry. Defendant's performance is not acceptable in the aviation industry. Defendant's actions have violated Section 17.50(4) of the Texas Deceptive Trade Practices Act. Plaintiffs further allege that such actions by Defendant were done knowingly.

## THIRD CAUSE OF ACTION

6. Defendant contractually agreed that it would repair Plaintiffs' aircraft engines and that such repairs would be of the very best quality. Defendant's actions constitute a breach of the contract between Defendant and Plaintiffs.

## FOURTH CAUSE OF ACTION

7. Plaintiffs allege that Defendant was negligent in the manner in which they reconditioned Plaintiffs' aircraft engines and that such negligence was a proximate cause of the damages sustained by the Plaintiffs.

## DAMAGES

8. Plaintiffs allege that they have sustained damages based on each cause of action which has been alleged and that Plaintiffs are entitled to recover such damages in accordance with the laws of the State of Texas. They allege that they are entitled to recover not only their actual damages but the additional damages provided for by the Texas Deceptive Trade Practices Act and the common law of the State of Texas, including punitive damages.

9. Plaintiffs allege that they are entitled to recover attorney's fees where attorney's fees are recoverable under the laws of the State of Texas and as provided for by the Texas Deceptive Trade Practices Act.

10. Plaintiffs allege they are entitled to recover both pre-judgment and post-judgment interest.

WHEREFORE, Plaintiffs pray that upon final hearing, that judgment be rendered for the Plaintiffs for their damages found by the trier of facts and for such other relief to which they may show themselves entitled.

Respectfully submitted,

CLARK, LEA & AINSWORTH
P.O. Box 98
Tyler, Texas 75710
903.593.2514 Telephone
903.595.1294 Facsimile

_____
Charles H. Clark
SBN: 04274000

ATTORNEY FOR PLAINTIFFS