IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| J-L CHIEFTAIN, INC. and <br> JACKSON-LLOYD INSURANCE AGENCY <br><br> v. <br><br> WESTERN SKYWAYS, INC. | § <br> § <br> § <br> §    CIVIL ACTION NO. 2:02CV196-DF <br> § <br> § <br> § |

## DEFENDANT WESTERN SKYWAYS, INC.'S ORIGINAL THIRD-PARTY COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Western Skyways, Inc. (hereinafter "Third-party Plaintiff"), and files this Original Third-party Complaint, and for cause of action against Aircraft Specialties Services, Inc. and Rock Aviation, Inc., Third-party Defendants herein and would respectfully show the Court as follows:

### I.

### PARTIES

1.1 Third-party Plaintiff is a resident of Colorado and has made an appearance in this suit. J-L Chieftain, Inc. and Jackson-Lloyd Insurance Agency (hereinafter "Plaintiffs") are Texas residents having originally brought the above styled suit against Third-party Plaintiff.

1.2 Third-party Defendant Aircraft Specialties Services, Inc. is incorporated under the laws of the State of Oklahoma. Service may be made upon its agent for service, Christopher S. Heroux, 124 E. 4th Street, Suite 203, Tulsa, OK 74103.

1.3 Third-party Defendant Rock Aviation, Inc. is incorporated under the laws of the State of Texas. Service may be made upon its agent for service, David Rock at

**ORIGINAL**

236 Boerne Stage Airfield, Boerne, TX 78006. Alternatively, service may be made upon its agent for service, David Rock at P.O. Box 985, Comfort, TX 78013.

## II.

## VENUE and JURISDICTION

2.1 Venue is proper because the Court has venue of the above-referenced and styled action. Further, Third-party Defendant Aircraft Specialties Services, Inc. maintains an interactive website whereby prospective customers in the State of Texas and in the Eastern District of Texas can place orders over the Internet or by email and receive communications from Third-party Defendant Aircraft Specialties Services, Inc. Third-party Defendant Rock Aviation, Inc. is a resident of the State of Texas and performs maintenance and repairs on aircraft parts that are regularly used in the Eastern District of Texas.

2.2 According to Plaintiffs' Original Complaint there is diversity of citizenship between the Plaintiffs and Western Skyways and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

2.3 Jurisdiction is proper in this Court because Western Skyways, Inc.'s claims against Third-party Defendants are supplemental to and arise out of the same incident and subject matter as Plaintiffs' claims against Western Skyways, Inc. Further, in the unlikely event that Western Skyways, Inc. is found liable to Plaintiffs for their alleged damages, Western Skyways asserts that Third-party Defendants are liable to Western Skyways, Inc. for all or part of any such damages.

## III.

## BRIEF FACTS

3.1   Plaintiffs alleged damages sustained to the engines of their 1979 Navajo Chieftain airplane following installation of remanufactured engines by Western Skyways.

3.2   Plaintiffs' experts produced reports stating that the cause of damages allegedly sustained by Plaintiffs' was improper geometry of the camshaft lobes or lifters or both.  Further, the use of field re-conditioned or reworked camshafts and lifter cam followers was the cause of this improper geometry.

3.3   Third-party Defendant Rock Aviation, Inc. is required by the Federal Aviation Regulations (FARs) to inspect the camshafts that it certifies for return to service and not certify one that does not meet the minimum requirements.  Likewise, Third-party Defendant Aircraft Specialties Services, Inc. is bound by the FARs to inspect and certify cam follower lifters before they are returned to service.

3.4   Western Skyways does not field recondition or rework camshafts or lifters.  Western Skyways installed camshafts in the Plaintiffs' engines that had been certified in accordance with applicable FARs by Third-party Defendant Rock Aviation, Inc.  Western Skyways installed lifters that had been certified in accordance with applicable FARs by Third-party Defendant Aircraft Specialties Services, Inc.  Western Skyways, Inc. has no duty, statutory or otherwise, to verify the certifications other than verifying the paperwork that accompanies the parts.

## IV.

## CONTRIBUTION AND INDEMNITY AGAINST
## ROCK AVIATION, INC. AND AIRCRAFT SPECIALTIES SERVICES, INC.

4.1   Western Skyways, Inc. contends that Plaintiffs' alleged injuries and

damages, if any there be, were proximately caused, in whole or in part, by the negligence, acts, omissions, conduct or other legal fault of Third-party Defendant Rock Aviation, Inc., and/or Third-party Defendant Aircraft Specialties Services, Inc., or other parties over whom Western Skyways had neither control, right of control, nor any responsibility.

4.2   Western Skyways, Inc. further asserts their right to contribution and comparative fault findings as to Third-party Defendant Rock Aviation, Inc., and/or Third-party Defendant Aircraft Specialties Services, Inc.

4.3   By reason of the above and foregoing acts and omissions of Third-party Defendant Rock Aviation, Inc., and/or Third-party Defendant Aircraft Specialties Services, Inc., such third-party defendant is liable for any and all harm which may be shown to have been suffered by Plaintiffs. Therefore, Western Skyways is entitled to indemnity for all sums they may be compelled to expend as a result of Plaintiffs' claims, including any damages they may be ordered to pay Plaintiffs, as well as the reasonable and necessary costs and expenses incurred in investigating and defending the claims.

4.4   In the alternative, if Western Skyways, Inc. is liable to Plaintiffs for any sum of money, then Western Skyways, Inc. is entitled to judgment over and against Third-party Defendant Rock Aviation, Inc., and/or Third-party Defendant Aircraft Specialties Services, Inc., as joint tortfeasors.

## V.

## PRAYER

WHEREFORE, Third-party Plaintiff requests that Rock Aviation, Inc. and Aircraft Specialties Services, Inc. be cited to appear and answer, and that on final trial, Third-

party Plaintiff be granted judgment against Rock Aviation, Inc. and Aircraft Specialties Services, Inc. for contribution as provided by law; judgment against Rock Aviation, Inc. and against Aircraft Specialties Services, Inc. for indemnification as provided by law; pre-judgment interest as provided by law; post-judgment interest as provided by law; costs of suit; and such other and further relief to which Third-party Plaintiffs may be justly entitled.

Respectfully submitted,

_____
J. Michael Bean
State Bar No. 01958980
Mikel F. Blaylock
State Bar No. 24001748

102 Decker Drive, Suite 200
Irving, Texas 75062
(972) 281-2900
(972) 281-2929 Facsimile

ATTORNEYS FOR THIRD-PARTY PLAINTIFF WESTERN SKYWAYS, INC.

OF COUNSEL:

MALONEY, BEAN, HORN, & HULL, P.C.
102 Decker Drive, Suite 200
Irving, Texas 75062
(972) 281-2900
(972) 281-2929 Facsimile

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served upon all counsel of record in accordance with the Federal Rules of Civil Procedure on this the 15th day of April, 2003.

_____
Mikel F. Blaylock